IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-702-GPG

DAWN FARRIS,

    Plaintiff,

v.

OHIO SECURITY INSURANCE COMPANY,

    Defendant.

---

**RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTION OF LAW TO THE COLORADO SUPREME COURT PURSUANT TO C.A.R. 21.1**

---

This matter comes before the Court on the following motion: Plaintiff's motion for certification pursuant to C.A.R. 21.1 (ECF#35),[1] This motion has been referred to this Magistrate Judge for recommendation. (ECF #42).[2] The Court has reviewed the pending motion, response (ECF #38), reply (ECF #41) and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(ECF #35)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Oral argument is not necessary for resolution of these matters. This Magistrate Judge recommends that the motion be DENIED.

Defendant has filed a motion for summary judgment in this action (ECF #33) which will be addressed in a separate recommendation to the presiding Article III Judge in this action, the Honorable Raymond Moore. However, that recommendation is inextricably intertwined with this issue.

Plaintiff frames the issue stating that there is a need for certification pursuant to C.A.R. 21.1 for the following reason(s): Plaintiff believes that *DeHerrera v. Sentry Ins. Co.,* 30 P.3d 167 (Colo. 2001) mandates provision of UIM insurance to at least one class of individuals not dependent on vehicle occupancy and that the aforementioned case is clear with regard to that proposition. However, if the Court does not determine that such clarity exists, Plaintiff moves for C.A.R. 21.1 certification in order to receive a determination as to the scope of *DeHerrera* from the Colorado Supreme Court.

C.A.R. 21.1 certification:

Rule 21.1 allows for certification of a question to the Colorado Supreme Court "[i]f there is involved in any proceeding before it questions of law of this state which may be determinative of the case then proceeding in the certifying court as and to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." C.A.R. 21.1 (a). "Certification is not to be routinely involved whenever a federal court is presented with an unsettled question of law." *Armijo v. Ex Cam, Inc.,* 843 F.2d 406, 207 (10th Cir. 1988). "Federal courts bear a duty to decide questions of state law when necessary to render a judgment." *Colony Ins. Co. v. Burke,* 83 F.3d 1222, 1235 (10th Cir. 2012) (citations removed).

Restraint is to be applied in such certification and the court shall take a clear and principled course if such is "reasonable clear." *Id.* at 1235-36. Indeed, under the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain. Thus, I must apply judgment and restraint before certifying, and will not trouble our sister state courts every time an arguably unsettled question of state law comes across my desk.

In this action, I find the law of the State of Colorado sufficiently clear to allow me to make a recommendation with regard to Defendant's motion for summary judgment without the need for certification. As is set forth in my recommendation (ECF #45) the law was sufficiently clear in *Carolina Casualty Insurance Company v. Mountain States Hotshot, LLC*, 2016 WL 398162 *3, (D. Colo. 2016) for the Honorable Judge Matsch to make a determination in a very similar matter and I find no greater need to trouble the Colorado Supreme Court under these facts and circumstances. I further believe that this recommendation need be read in concert with my recommendation with regard to the motion to dismiss to get the entire reasoning for why I believe that the motion to dismiss can be determined without such certification.

For those reasons, I respectfully recommend that the motion for certification be DENIED.

Dated at Grand Junction, Colorado, this December 19, 2016.

_____
Gordon P. Gallagher
United States Magistrate Judge